# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

## SANTOS *v.* ADMINISTRATION OF THE STATE.

### APPEAL from 2nd Section of the Supreme Court of Justice.

#### No. 1.—Decided November 6, 1899.

"LITIGATIVE ADMINISTRATIVE" JURISDICTION.—Questions dealing with the manner of satisfying executory judgments rendered by the Council of State and responsibilities incurred by the administration through non-compliance therewith, appertain to "litigative-administrative" jurisdiction when they have been the object of an order of an administrative character constituting *res judicata*, and from which an appeal has been taken within the period and in the manner prescribed by law.

PRODUCTS OF PROPERTIES UNDER ATTACHMENT.—The restitution having been ordered, of an estate attached by the *Intendencia General de Hacienda* (Treasury), together with the sums received as products or income thereof, during the time the attachment continued in force, it should be understood that the Treasury is obliged to make payment of only such sums as were actually received as products or income, it not being liable for any income *that might have been produced* by said property, or for such as were not covered into the Treasury.

JUDGMENTS OF THE COUNCIL OF STATE.—The Treasury is not liable for damages by reason of non-compliance with a decision of the Council of State, when it has acted in strict and literal conformity to the terms thereof.

### STATEMENT OF THE CASE.

This is a "litigative-administrative" action prosecuted by Felipe Santos, in his own right, as heir of José María Santos, against the Administration of the State (Government) represented by the Fiscal, in the matter of a decision rendered by the late *Intendencia General de Hacienda* (Treasury), on August 22, 1893, ordering that the liquidation made be corrected and that inasmuch as the products of the attached farm belonging to José María Santos, from the time the attachment was levied, had been enjoyed by himself and his heirs, the judgment of the Court of Litigative-Administrative matters had been complied with, which

liquidación practicada, y que habiendo sido los productos de la estancia embargada á Don José María Santos, desde el momento del embargo, disfrutados por sí y sus herederos, quedaba cumplimentada la sentencia del Tribunal Contencioso, pendiente ante este Tribunal Supremo de apelación establecida por Don Felipe Santos contra la sentencia que dictó la Sección 2ª de la suprimida Corte Suprema de Justicia, que revocó la resolución impugnada, y que manda que se rectifique la liquidación practicada por la Intendencia y que se incluyan en ella los productos de la finca embargada, y depositada desde el 8 de Abril de 1868 al 19 de Junio de 1892, en que fué entregada, á razón de cien pesos anuales, que se comprenderán en los próximos presupuestos, cuya sentencia contiene los siguientes resultandos:

1º *Resultando:* que la Hacienda Pública embargó á Don José María Santos, por responsabilidades subsidiarias y como testigo de abono, en 8 de Abril de 1868, entre otros bienes, una estancia radicada en la jurisdicción de Trujillo Alto, barrio de las "Cuevas", quedando la finca en depósito y administración, primeramente, de Don Facundo Morales y después de Don Ramón Sánchez López, hasta el 19 de Junio de 1892, en que se le devolvió.

2º *Resultando:* seguido pleito por la Sucesión de Don José María Santos, en vía contencioso administrativa, contra la Hacienda Pública, el Consejo de Estado, por Real Decreto sentencia de 31 de Agosto de 1878, confirmó la sentencia apelada, declarando que la obligación de Don José María Santos se reducía á la diferencia que resultase entre el producto en venta de la estancia hipotecada y la cantidad de siete mil quinientos pesos que dicha finca garantizaba en hipoteca á favor del Tesoro; mandando, además, se practicase liquidación de las sumas ingresadas en Tesorería, por razón de los bienes y derechos embargados á Santos, debiendo computarse al efecto, como entregado, el importe de los jornales que hubiesen podido devengar los siervos desde su entrada en depósito hasta que cesó el trabajo obligatorio de ellos el día de la emancipación; que cubierta así la obligación en su caso, se alzaran inmediatamente los embargos, devolviéndose el sobrante y de no ser así, se aplique á dicha obligación, en cuanto sea necesario por su órden, la indemnización procedente de los siervos embargados en la parte que haya debido percibir dicha sucesión.

3º *Resultando:* que la Intendencia, en su consecuencia, practicó la liquidación de las sumas ingresadas en Tesorería por razón de los bienes y derechos embargados á Santos, pero excluyendo los productos de la estancia embargada,

judgment is now pending before this Supreme Court on appeal taken by Felipe Santos from the decision rendered by Section 2 of the former Supreme Court of Justice, reversing the judgment objected to, and ordering that the liquidation made by the *Intendencia* be corrected, and that there be included therein the products of the farm attached and in the hands of a trustee from April 8, 1868, to June 10, 1892, when it was restored, at the rate of one hundred *pesos* per annum, to be included in the next budgets, which judgment contains the following statement of facts:

1.—The Treasury, on April 8, 1868, levied an attachment upon properties belonging to José María Santos, to meet subsidiary liabilities incurred as surety on a bond (*testigo de abono*), said attachment including a farm situated within the municipal district of Trujillo-Alto, Cuevas ward, which property was at first placed under the custody and administration of Facundo Morales, and afterwards, of Ramón Sánchez López, until June 19, 1892, when it was restored to him.

2.—The estate of José María Santos having instituted "litigative-administrative" proceedings against the public Treasury, the Council of State by Royal Decree of August 31, 1878, affirmed the decision appealed from and declared that the obligation of José María Santos was limited to the difference resulting between the proceeds of the sale of the mortgaged farm and the sum of seven thousand five hundred *pesos* secured by a mortgage thereon in favor of the Treasury; it further ordered that a liquidation be made of the sums covered into the Treasury, proceeding from the attached property and property rights belonging to Santos, including therein the wages that might have been earned by the slaves from the time the property was seized to the date when, by reason of the abolition of slavery, their compulsory work ceased; should the obligation thus be covered, the attachment was immediately to be dissolved and the overplus returned, otherwise the indemnity accruing from the attached slaves, in the portion that should have been received by the estate, was to be applied, so far as necessary, to the satisfaction of the aforesaid obligation.

3.—The *Intendencia* thereupon proceeded to effect a liquidation of the sums covered into the Treasury, derived from Santos' attached property and property rights, but excluding the products of the attached farm, from April 8, 1868, when it was occupied by the custodian and administrator of the *Intendencia* and a new "litigative-administrative" action having been instituted by the estate of Santos, another decision was delivered by the Council of State, May 8, 1890, reversing the judgment appealed from, and directing that

á contar desde el 8 de Abril de 1868, en que fué ocupada por el depositario administrador de la Intendencia, y seguido nuevo litigio contencioso administrativo á nombre de la sucesión Santos, recayó otra sentencia del Consejo de Estado, de fecha 8 de Mayo de 1890, por la que, revocando la sentencia apelada, se ordenó la rectificación de la liquidación practicada por la Intendencia General de Hacienda, incluyéndose en ella las cantidades que hubiesen ingresado en poder del Depositario Administrador, Don Ramón Sánchez López, en concepto de productos ó rendimientos de la finca embargada.

4.º *Resultando:* que la Intendencia, en vista de esta segunda sentencia, siguió el expediente administrativo sobre justiprecio pericial del producto líquido anual, por término medio de la referida estancia embargada, habiendo el perito tercero dirimente estimado dicho producto en seiscientos setenta y tres pesos treinta y siete centavos, el perito de la Hacienda en ciento nueve pesos y el del demandante en mil setenta y tres pesos anuales, con cuyo resultado la Intendencia, en 24 de Agosto de 1893, tomando en consideración que los productos de la finca, si alguno ha tenido de su percepción y disfrute, se ha aprovechado la sucesión de Don José María Santos: que abonados metálicamente los productos de los jornales de los siervos en cantidad de mil treinta y siete pesos ochenta y cuatro centavos, y que, además, la expresada cantidad le valió de abono y descargo de su deuda que según el acta de ratificación de embargo de la finca en 14 de Mayo de 1868, Sautos declaró que consta de setenta y cinco cuerdas de maleza y pasto y que el nombramiento de peritos tasadores no puede conducir al cumplimiento de la sentencia que únicamente, en esa parte, dice que se incluya en la liquidación la cantidad que haya ingresado en poder de Don Ramón Sánchez López, en concepto de producto ó rendimiento, resolvió dicho centro que quedando rectificada la liquidación, y habiendo sido los productos de la estancia embargada á Santos, desde el momento del embargo, disfrutados por sí y sus sucesores, quedaba cumplida la sentencia del Tribunal Contencioso, al cual se remitirían los documentos necesarios para su justificación.

5.º *Resultando:* que contra esta resolución estableció la Sucesión Santos recurso Contencioso administrativo y rechazado de plano dicho recurso por el Tribunal local de esta Isla, se alzó de ello dicha sucesión para ante el Tribunal de lo Contencioso Administrativo, por el cual se mandó sustanciar y resolver este recurso, con arreglo á derecho.

6.º *Resultando:* que reclamado y recibido que fué el expediente gubernativo se puso de manifiesto al actor, el cual dedujo demanda Contencioso administrativa contra la mencionada resolución, consignando sustancialmente, en los puntos de hecho, cuanto se deja expuesto y consta del expediente administrativo, y como fundamentos legales invocó los artículos 1 y 2 de la Ley de lo Contencioso Administrativo y además el 4.º y 32; añadiendo que las sentencias deben cumplirse literalmente: que no fué error involuntario eludir la

the liquidation made by the *Intendencia General de Hacienda* be corrected by including therein the sums received by the custodian and administrator, Ramón Sánchez López, as products or income of the attached farm.

4.—Pursuant to this second decision the "Intendencia" instituted an administrative inquiry for the purpose of determining the fair net value of the annual income of the attached farm, the third expert appraiser estimating said income at six hundred and seventy-three *pesos* and thirty-seven *centavos,* the Treasury's appraiser, at one hundred and nine *pesos,* and the plaintiff's at one thousand and seventy-three *pesos* per annum.    With this result of the appraisement, the *Intendencia,* taking into consideration that the products of the farm, if any, had been collected and enjoyed by the estate of José María Santos ; that the wages of the slaves, amounting to one thousand and thirty-seven *pesos* and eighty-four *centavos* had been paid in cash, and that moreover, said sum had been applied to the satisfaction of his indebtedness ; that according to the record of the ratification of the attachment levied on the farm, had on May 14, 1868, Santos had declared that the property consisted of seventy-five *cuerdas* of brush and pasture land ; and that the appointment of expert appraisers cannot lead to the fulfillment of the judgment which, as to this particular, only says that the sum received by Ramón Sánchez López as products or earnings shall be included in the liquidation, said *Intendencia* decided that as the liquidation had been corrected, and the products of the attached farm, from the moment the attachment was levied, had been enjoyed by Santos and his successors, the judgment of the Court of "Litigative-Administrative" matters had been complied with, and the necessary corroborative documents should be forwarded to said Court.

5.—From this decision the estate of Santos applied for the remedy of administrative proceedings which, being refused by the local Court of the Island, said estate appealed to the Court of "Litigative-Administrative" matters, which ordered that the administrative proceedings be had and the case disposed of according to law.

6.—The *expediente gubernativo* (papers connected with the administrative proceedings) having been called for, upon receipt thereof it was shown to the plaintiff, who instituted a "litigative-administrative" complaint against aforesaid resolution, substantially reproducing, as to the points of fact, all that had been set forth and appeared in the administrative proceedings, and as legal authority he invoked Articles 1 and 2 of the Law of "Litigative-Administrative" matters and also Articles 4 and 32 thereof; alleging further that judgments should be literally complied with; that the evasion of the obligation imposed by the judgment of May 8, 1890, had not been an involuntary error; that the *Intendencia* should have abided by the result of the expert opinion it had proposed, and that damages caused must be indemnified. He closed with the prayer that the decision of the *Intendencia General de*

obligación impuesta por la sentencia de 8 de Mayo de 1890 : que la Intendencia debió sujetarse al resultado del juicio pericial que propuso, y que los perjuicios causados deben indemnizarse.    Y concluye suplicando se revoque la resolución de la Intendencia General de Hacienda ·de 24 de Agosto de 1893, dejándola nula y de ningún valor, mandando en su consecuencia que se rectifique la liquidación hecha por la misma, según su citada resolución, y que se incluya entre las partidas de la misma liquidación, los productos de la finca embargada desde el día en que tuvo lugar el embargo, hasta el en que fué devuelta á la Sucesión de Don José María Santos, al respecto de la cantidad anual fijada por el perito tercero, en seiscientos setenta y tres pesos treinta y seis centavos, mandando á su vez que el importe de la liquidación se incluya en los próximos presupuestos de los gastos del Estado de la Isla de Puerto Rico, condenando, además, á la Hacienda á la indemnización de daños y perjuicios y al pago de las costas.

7º *Resultando:* que conferido traslado de la demanda, el Fiscal articuló incompetencia, la que tramitada fué rechazada en primera y segunda instancia, mandando el Tribunal de lo Contencioso Administrativo sustanciar y terminar con arreglo á derecho la expresada demanda, y conferida nueva vista al representante de la administración, para contestar en el fondo, expuso como hechos: no estar conforme en que la Intendencia no practicara la liquidación dispuesta, pues el mismo demandante así lo reconoce en los hechos 2 y 3 de su escrito, que la liquidación se practicó y fué notificada á la sucesión : que la Intendencia ajustándose al fallo supremo de 1890, rectificó su anterior liquidación y no incluyó los productos de la finca embargada, porque no los percibió, sino la Sucesión Santos, quienes pagaron las contribuciones y disfrutaron lo poco que pudo producir : que la peritación no supone obligación alguna por parte de la Hacienda tocante á productos que no ha recibido ; que ninguna Autoridad de este orden puede obligar á la Hacienda á volver sobre su resolución, sin previa declaración competente de derecho de la suceción Santos, sobre el importe de los productos reclamados, aceptando en lo demás los hechos establecidos por el actor ; y como fundamentos legales, invocó los artículos 48, 4 y 46 de la Ley de lo Contencioso y las sentencias del Tribunal de lo Contencioso Administrativo de 9 de Abril, 18 de Febrero y 18 de Diciembre de 1890, 9 de Julio de 1891 y 18 de Marzo de 1892, así como la sentencia del Tribunal Supremo de 5 de Mayo de 1892 ; pidiendo para·definitiva, se absuelva á la Administración con las costas al demandante.

8º *Resultando:* que á petición de las partes se abrió el juicio á prueba y se practicaron solo las propuestas por el demandante, consistente en la agregación de copia certificada acreditativa de que la sucesión Santos nunca ha estado avecindada en Trujillo Alto y otra certificación de una de las piezas del expediente administrativo que contiene las diligencias de embargo practicado en la estancia de Don José María Santos, en la persona de Don Ramón

*Hacienda,* of August 24, 1893, be reversed, and declared null and void, and that the liquidation effected by said *Intendencia* pursuant to aforesaid decision, be consequently ordered to be corrected, and that the products of the attached farm, from the day when the attachment was levied to the date when it was returned to the estate of José María Santos, be included among the items of said liquidation, in accordance with the annual amount fixed by the third expert, namely, six hundred and seventy-three *pesos* and thirty-six *centavos,* at the same time ordering that the amount of the liquidation be included in the next budgets of expenses of the government for the Island of Porto Rico, and furthermore that the Treasury be adjudged to indemnify damages and to pay the costs.

7.—Notice of the complaint having been served upon the Fiscal, he pleaded a want of jurisdiction, which exception was overruled in the first and second instances, the Court of "Litigative-Administrative" matters ordering aforesaid complaint to be prosecuted according to law, and a new hearing having been accorded the representative of the Administration for the purpose of answering as to the subject-matter of the complaint, he alleged as facts: that he did not admit that the *Intendencia* had failed to effect the liquidation, as ordered, inasmuch as the plaintiff himself has recognized the fact in statements 2 and 3 of his complaint; that the liquidation was effected and notice thereof served upon the estate; that the *Intendencia,* complying with the judgment of the Supreme Court rendered in 1890, had corrected its previous liquidation and did not include the products of the attached farm, because the estate of Santos and not the *Intendencia* had received them, the former paying the taxes and enjoying what little product it had yielded; that the exper appraisement did not imply any obligation on the part of the Treasury as to products it had not received; that no authority of this class could compel the Treasury to go against its decision without a previous competent declaration of the right of the estate of Santos to the amount of the products claimed; and he admitted the other facts set forth by the plaintiff. As legal authority he invoked Articles 48, 4, and 46 of the law of "litigative-administrative" matters and the judgments of the "litigative-administrative" court, of April 9, February 18 and December 18, 1890, July 9, 1891, and March 18, 1892, as also the judgment of the Supreme Court of May 5, 1892. He closed praying that final judgment be rendered for the Administration with costs against plaintiff.

8.—On motion of the parties the introduction of evidence was proceeded with, only that proposed by plaintiff being heard, which consisted of a certified copy of a document showing that Trujillo-Alto had never been the domicil of the Succession of Santos and another certificate of one of the papers of the Administrative proceedings containing the writ of attachment of the farm of José María Santos duly returned as having been served upon

Sánchez López, como Depositario Administrador, de orden de la Intendencia, diligencia de entrega de la finca 19 de Junio de 1892, y otras de tramitación.

9º *Resultando:* que agregadas las pruebas susodichas á los autos, se celebró la vista de este pleito en cuyo acto el defensor del demandante y el Fiscal alegaron invoce cuanto estimaron conducente á su derecho.

10º *Resultando:* que para mejor proveer, se solicitó de la Alcaldía de Trujillo Alto noticia de los productos que se calcularon á dicha finca para la imposición de la contribución desde el año 1867, hasta el presente, y aunque en el cumplimiento no se sujetó á lo solicitado, dicho Alcalde, aparece que desde el año 1877 al 1899, el máximun de renta líquida calculada alcanzó á la suma de ciento veinte y cinco pesos y el mínimun, á cuarenta y seis pesos.

11º *Resultando:* que puesto de manifiesto á las partes el resultado de la anterior diligencia, transcurrió el término de tercero día sin alegarse cosa alguna respecto de su alcance é importancia.

12º *Resultando:* que en la tramitación de este pleito se han observado las formas y trámites del procedimiento".

Aceptando los anteriores *Resultandos:*

Y además:

*Resultando:* que practicadas diligencias en el expediente gubernativo en virtud de las reclamaciones de Don Felipe Santos para la rectificación de la liquidación practicada é inclusión en la misma de los productos de la estancia embargada, se requirió al Depositario Don Ramón Sánchez Lopez para la rendición de cuentas, habiendo presentado escrito de 30 de Enero de 1891, en el que expuso que había sido nombrado Depositario de la finca perteneciente á la Sucesión Santos, radicada en el barrio de las "Cuebas", jurisdicción de Trujillo Alto; que este depósito tuvo lugar hacía unos 21 años; que nunca había cultivado la finca, ni ésto se le había ordenado por la Administración; que el depósito fué hecho por mera fórmula, que la Sucesión Santos continuó usufructuándola como ántes, que las contribuciones fueron pagadas por la misma y que de haber ocurrido de otro modo las cosas se le hubiera obligado á rendir cuenta periódicamente.

*Resultando:* que seguida la misma averiguación, declaró en 2 de Marzo del 91 Don Facundo Morales, que había visto 5 á 6 años cultivaba la finca Hemenegildo Santos, hijo de Santiago del mismo apellido, y en 18 de Abril siguiente

Ramón Sánchez López, Custodian and Administrator by order of the *Inten-dencia*, report of the delivery of the property on June 19, 1892, and of other proceedings in connection with said attachment.

9.—The aforementioned (documental) evidence having been attached to the record, a hearing of this case was had, at which counsel for the plaintiff and the Fiscal made such arguments in support of their respective claims as they deemed proper.

10.—The better to serve the ends of justice the Alcalde of Trujillo-Alto was requested to furnish a statement showing what the products of the said farm were calculated to be, in assessing the same for taxation from the year 1867 to the present day, and although in complying with this request said Alcalde had not strictly adhered thereto, it appears that from the year 1867 to the year 1899, the maximum of net income was calculated to be one hundred and twenty-five *pesos* and the minimum, forty-six *pesos*.

11.—The result of the foregoing inquiry having been submitted to the parties the period of three days elapsed without anything being alleged as to the scope and importance thereof.

12.—In the prosecution of this suit all the rules of procedure have been observed.

The foregoing statement of facts is accepted.

And, furthermore:

In the administrative proceedings instituted upon the claims of Felipe Santos, for the purpose of correcting the liquidation made and to secure the inclusion therein of the products of the attached farm, the administrator, Ramón Sánchez López, was required to render an accounting, and on the 30th of January, 1891, he filed a communication stating that he had been appointed custodian of the farm belonging to the estate of Santos, situated in *barrio* "Cuevas", within the municipal district of Trujillo-Alto; that said appointment had been made some twenty-one years ago; that he had never cultivated the farm, nor had he been ordered to do so by the Administration; that the appointment had been made under the new rule; that the Santos estate had continued to enjoy the usufruct thereof as before; that the taxes had been paid by said estate, and that otherwise he would have been called upon to render an accounting from time to time.

In the course of said investigation, Facundo Morales testified, March 2, 1901, that during five or six years he had

declararon Don Emilio y Don Vicente Betancourt, el primero de ellos, colindante de la finca, expresando que sabían y les constaba que dicha finca había sido cultivada por sus dueños hacía unos 14 años, más ó menos.

*Resultando:* que en 1? de Junio del mismo año declaró Don Felipe Santos que nadie había cultivado los terrenos, porque desde la muerte de su padre, que se llevó el Depositario Sánchez López los sirvientes de la finca, se puso de veedor á Don Escolástico Castro para evitar el destrozo de la finca y luego, con el propio objeto, á Don Julián Ríos y Don Emeterio Zayas, siendo la muerte de su padre el 2 de Noviembre del año 68, y por tanto, como estaba el predio en situación de embargo, no se ha cultivado, habiendo pagado las contribuciones por no perder el derecho de propiedad, y nada absolutamente ha producido, y si alguna plantación menor se ha cultivado, habrá sido para el sostenimiento del veedor.

*Resultando:* que después de estas diligencias y para mayor esclarecimiento á fin de que hubiera una base segura para la resolución que después se dictase, se propuso á la Intendencia y ésta aprobó en 12 de Diciembre de 1891, que se practicara la tasación por peritos, de que consta hecha referencia.

*Resultando:* que la Sección 2ª de la Corte Suprema de Justicia dictó sentencia en 2 de Junio del corriente año revocando la resolución de la Intendencia y disponiendo se rectificase la liquidación y que se incluyeran en la misma los productos de la finca embargada, desde el 8 de Abril de 1868 al 19 de Junio de 1892, al respecto de cien pesos mensuales, debiendo comprenderse el importe de la liquidación en los próximos presupuestos de gastos de la Isla, que forme la Secretaría de Hacienda, á la cual se condená en las costas.

*Resultando:* que contra esta sentencia interpuso apelación Don Felipe Santos, en escrito presentado en 9 de Junio, por lastimar sus derechos derivados de los méritos del procedimiento, no solo en punto á la cantidad que se adeuda, sino también á los daños y perjuicios reclamados, cuyo recurso

seen Hermenegildo Santos, son of Santiago of the same surname, cultivating the farm; and on the 18th of the following April, Emilio and Vicente Betancourt, the former being an adjoining owner, testified that they knew of their own knowledge that the said farm had been cultivated by its owner for about fourteen years, more or less.

On June 1, of the same year, Felipe Santos testified that nobody had cultivated those lands, because since the death of his father when the custodian Sánchez López took away the laborers from the farm, Escolástico Castro had been placed there as watchmen to prevent the property from being destroyed, and afterwards, Julián Ríos and Emeterio Zayas were appointed for the same purpose. The death of his father having occurred on November 2 of the year 1868 and, as the farm was under attachment it had not been cultivated, he paying the taxes so as not to lose the right of ownership, it having produced absolutely nothing, and if some minor plantation was cultivated it must have been for the maintenance of the watchman.

After these proceedings, and for the purpose of throwing more light upon the subject so that there might be a sure basis for the decision to be rendered, a proposition that an appraisement by experts be had, was made to the *Intendencia* and accepted by the latter on December 12, 1891, reference to which appears in the record.

Section 2 of the Supreme Court of Justice rendered judgment, June 2, of the current year, reversing the decision of the *Intendencia* and ordering that the liquidation be corrected including therein the products of the attached farm, from April 8, 1868, to June 19, 1892, at the rate of one hundred *pesos* per month, the amount of the liquidation to be included in the next budget of expenses of the Island prepared by the Secretary of the Treasury, the latter (the Treasury) being adjudged to pay the costs.

From this judgment Felipe Santos took an appeal on June 9, on the ground that it impaired his rights as

fué admitido, en ambos efectos, por auto de 15 de Julio siguiente, notificado debidamente á las partes.

*Resultando:* que recibidos los autos en este Tribunal Supremo, se personó Don Felipe Santos y se siguió con él y con el Fiscal, en representación de la Administración, la tramitación correspondiente y como término de la misma se citaron las partes para sentencia, con señalamiento de día para la vista, el 25 de Octubre último, en el que tuvo lugar, habiendo informado el Letrado Don Rafael López Landrón en representación del apelante, y el Fiscal, por la Administración pública.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Romeu, Fiscal.*

El Juez Asociado (interino) Sr. Ealo, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* respecto á la excepción de incompetencia propuesta por el Fiscal en su escrito de contestación á la demanda, que atendida la índole de las reclamaciones que en esta se establecen, en las que no se ventila ninguna cuestión de propiedad, sino simplemente la manera de cumplir la sentencia ejecutoria dictada por el Consejo de Estado y las responsabilidades en que haya podido incurrir la Administración por el incumplimiento de la misma, según el demandante, es de la competencia de la jurisdicción contencioso administrativa la resolución de las expresadas cuestiones, cuando, como en el presente caso, han sido objeto de una providencia de carácter administrativo que ha causado estado y contra la cual se ha interpuesto en tiempo el recurso que la ley establece.

*Considerando:* con respecto al fondo de la demanda, que la materia de este pleito contencioso administrativo consiste en el cumplimiento del decreto sentencia del Tribunal Contencioso de 8 de Mayo de 1890, debiendo, por tanto, estarse estricta y literalmente á los términos de su resolución.

*Considerando:* que por dicha sentencia se dispone, únicamente, la inclusión en la liquidación de las cantidades ingre-

derived from the merits of the proceedings, not only as regarded the amount due, but also as to the damages and losses claimed, which appeal was allowed for review and stay of proceedings by an order dated 15th July following, the parties being duly notified.

The record having been received in this Supreme Court, Felipe Santos entered an appearance, the Administration being represented by the Fiscal, and the proper proceedings having been had the parties were cited for judgment and the hearing was set for the 25th day of October, when Rafael López Landrón, counsel for the appellant, and the Fiscal on behalf of the Administration, made their respective arguments.

*Mr. López Landrón,* for appellant.

*Mr. Romeo, Fiscal,* for respondent.

MR. EALO, ACTING ASSOCIATE JUSTICE, after making the above statement of facts, delivered the following opinión of the court.

As to the exception of lack of jurisdiction pleaded by the Fiscal in his answer to the complaint, considering the nature of the claims set out therein, in which no question of ownership is raised, but merely the manner of carrying out the executory judgment rendered by the Council of State, and the responsibilities that may have been incurred by the Administration for non-fulfilment thereof, according to the plaintiff, the decision of said questions falls within the litigative-administrative jurisdiction, when, as in the present case, they have been the object of an order of administrative character constituting *res judicata,* which order has been appealed from within the period prescribed by law.

As to the substance of the complaint, the subject-matter of this "litigative-administrative" action, lies in the fulfillment of the judgment rendered by the "Litigative-Administrative" Court, May 8, 1890, the terms of whose decision should therefore be strictly and literally complied with.

By said judgment it is ordered only that the amounts re-

sadas en poder del depositario administrador Don Ramón Sánchez López, en concepto de productos ó rendimientos de la finca embargada, y consta, hasta por manifestación del propio demandante, que la estancia de Trujillo nada produjo, por lo cual ningún rendimiento ha podido ingresar en poder del Depositario, ni debe ser incluido en la liquidación.

*Considerando:* que el acuerdo de la Intendencia disponiendo la tasación de los productos de dicha finca, ni pudo alterar la forma del expresado decreto sentencia, ni tampoco, por los motivos por los que se dispuso, creó ni declaró derecho alguno á favor de la sucesión Santos, habiendo solo sido dispuesta para el mayor esclarecimiento y que pudiera servir de base á la resolución que luego se dictara.

*Considerando:* que si por parte de la administración no se ha faltado al cumplimiento de la ejecutoria, al no incluirse en la liquidación los productos supuestos de la estancia embargada, no ha podido incurrir en la responsabilidad de los daños y perjuicios que le reclama el demandante por el incumplimiento de aquélla, ni hay motivo para declarar nula la resolución de la Intendencia General de Hacienda, que es objeto del presente recurso.

*Considerando:* que por los términos en que la apelación fué establecida y admitida tiene el Tribunal Superior plena competencia para resolver sobre la materia del juicio, con arreglo á los términos de la demanda y de la contestación.

*Vistos* los artículos 1, 2 y 48 de la vigente Ley de lo Contencioso Administrativo y 1, 3 y 319 del Reglamento para la ejecución de la misma.

*Fallamos:* que debemos *revocar y revocamos* la sentencia apelada, y declarando sin lugar la excepción de incompetencia alegada por el Fiscal, y sin lugar tambien la demanda, absolvemos de ella á la Administración, dejando firme y subsistente la resolución de la Intendencia de 22 de Agosto de 1893, sin especial condenación de costas.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Morera, y Acuña (Francisco de P.)

ceived by the custodian and administrator Ramón Sánchez Ló-
pez, as products or income of the attached farm, be included
in the liquidation, and as it appears, even from the statement
of the plaintiff himself, that the Trujillo farm did not produce
anything, no earnings could have been received by the custo-
dian and none should be included in the liquidation.

The action taken by the *Intendencia*, in ordering an
appraisement of the products of said farm, could not alter
the form of the aforesaid decree, nor did said order create or
declare any right in favor of the estate of Santos, the action
having been taken for the purpose of throwing more light
upon the matter, and that it might serve as a basis for the
decision subsequently to be reached.

If in failing to include in the liquidation the alleged
products of the attached farm, there has been no disregard
of the executory judgment on the part of the Administra-
tion, the latter could not have incurred any responsability
for the damages and losses claimed by the plaintiff by reason
of a non-compliance with said judgment, nor is there any
ground for annulling the decision of the *Intendencia Ge-
neral de Hacienda*, which is the object of the present appeal.

In view of the manner in which the appeal was taken
and allowed, the higher court has full jurisdiction over the
subject-matter of the action, according to the terms of the
complaint and of the answer thereto.

In view of articles 1, 2 and 48 of the Law of "Litigative-
Administrative" matters in force, and articles 1, 3 and 319 of
the Regulation for the execution thereof,

*We adjudge:* That we should reverse, and do reverse, the
judgment appealed from, overruling the exception of lack of
jurisdiction alleged by the Fiscal, as also the complaint, and
the Administration is hereby relieved of all responsibility
thereunder and the decision of the *Intendencia* of August 22,
1893, declared to be final, without special imposition of costs.

Messrs. Chief Justice Quiñones and Associate Justices
Hernández, Morera and Acuña (Francisco de P.), concurring.